UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

DAVID RUIZ,

                  Petitioner,

        -against-

SUPERINTENDENT K. WALKER

                  Respondent.

-----------------------------------------------------------x

**ORDER**
25-cv-3787-OEM

ORELIA E. MERCHANT, United States District Judge:

      Pro se Petitioner requests that his petition for a writ of habeas corpus under 28 U.S.C. § 2254 be held in abeyance while he exhausts his claims in state court via a CPL § 440.1 motion. ECF 4. For the following reasons, Petitioner's request is denied. Respondent is directed to file an answer or other pleading in response to the petition as previously ordered by this Court.

## BACKGROUND

      Petitioner, a state inmate at the Orleans Correctional Facility, filed the instant petition seeking a writ of habeas corpus on August 9, 2025. Petition ("Pet."), ECF 1. The petition raises three bases for relief: (1) ineffective assistance of counsel based on counsel's failure to object to the admission of cell site data at trial, (2) that the verdict was against the weight of the evidence, and (3) that his sentence is excessive. Pet. at 5-8. Each of these arguments was raised on a direct appeal to the New York Appellate Division and rejected in an order dated June 12, 2024. *See People v. Ruiz*, 228 A.D.3d 785 (2d Dep't 2024). The Appellate Division held "that the verdict of guilt was not against the weight of the evidence," that Petitioner's objections to the introduction of cell site evidence was not preserved for appellate review, that Petitioner was not deprived of

1

effective assistance of counsel, and that the sentence imposed was not excessive. *Id.* On June 13, 2024, Petitioner sought leave to appeal his claims to the Court of Appeals, *see* ECF 6-1, which was denied on August 1, 2024, *People v. Ruiz*, 42 N.Y.3d 940, 242 N.E.3d 672 (2024).

By letter dated July 21, 2025, Petitioner requests a stay and abeyance of this action so that he could file a CPL § 440.10 motion to vacate the judgment against him in New York Supreme Court, Queens County. *See* ECF 4. On August 13, 2025, Respondent filed a letter opposing Petitioner's motion. ECF 6. Petitioner filed a reply by letter dated August 21, 2025, arguing that only one of the three claims raised on appeal was resolved on the merits. ECF 7. Further, Petitioner advised the Court that on August 1, 2025, he filed a CPL § 440.10 motion in state court asserting "actual innocence," that "trial counsel failed to object to the introduction of video surveillance, SCLI data, forensic evidence which was circumstantial and scientifically vague," and ineffective assistance of counsel. *Id.*

## DISCUSSION

Petitioner seeks to stay the adjudication of his habeas petition so that he can exhaust challenges to his conviction in state collateral proceedings and then present those claims for federal habeas review before this Court.

Under 28 U.S.C. § 2254, a petitioner in state custody must exhaust his or her state court remedies before a federal court may grant habeas relief. *Galdamez v. Keane*, 394 F.3d 68, 72 (2d Cir. 2005). The exhaustion of state remedies requirement means that a petitioner must present his or her claim to the highest court of the state. *Harris v. Fischer*, 438 F. App'x 11, 13 (2d Cir. 2011) (citing *Galdamez*, 394 F.3d at 73); *accord Baldwin v. Reese,* 541 U.S. 27, 29 (2004) ("the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review)") (citations and internal quotation marks omitted). A claim is

properly exhausted when the state court has been "fairly apprised" of the factual and legal premises of the constitutional claim. *Harris*, 438 F. App'x at 13 (citing *Grey v. Hoke*, 933 F.2d 117, 119 (2d Cir. 1991)).

A habeas petition that contains exhausted and unexhausted claims—or a 'mixed' petition—should be dismissed so that the state courts have an opportunity to decide the unexhausted issues. *Rose v. Lundy,* 455 U.S. 509, 510 (1982). However, dismissing such petitions under *Lundy* risks a petitioner losing his or her chance for any federal review of unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). Therefore, federal district courts may "stay the petition and hold it in abeyance until the petitioner returns to state court to exhaust his previously unexhausted claims." *Id.* However, "[b]efore the [c]ourt can address whether a stay is proper, it must be presented with a 'mixed' petition." *Chizor v. Lilley*, 21-CV-4411 (LDH) (LB), 2023 WL 11844332, at *2 (E.D.N.Y. Apr. 27, 2023) (citations omitted).

Each of Petitioner's three claims for habeas relief before this Court were previously presented to the New York Appellate Division and leave for an appeal was denied by the State's highest court. Because exhaustion requires only "that a habeas petitioner's federal claim [] be 'fairly presented' to the state courts," and Petition has done so here, the Court finds that Petitioner's three claims have been exhausted. *See, e.g., Willette v. Fischer*, 508 F.3d 117, 121 (2d Cir. 2007) (petitioner adequately exhausted state remedies where claims denied by Appellate Division and Court of Appeals denied leave to appeal); *Bermudez v. Conway*, 09-CV-1515DLI, 2012 WL 3779211, at *10 (E.D.N.Y. Aug. 30, 2012) (holding that petitioner's claims were properly exhausted in state court where Appellate Division denied claim and Court of Appeals denied leave to appeal). Accordingly, because the Court is not confronted by a mixed petition at this time, Petitioner's motion for a stay and abeyance is denied.

**CONCLUSION**

For the foregoing reasons, Petitioner's request to stay his federal habeas proceedings and hold his petition in abeyance is denied. Respondent is directed to file an answer or other pleading in response to the petition on or before November 7, 2025, as previously ordered by this Court. *See* Order dated 9/4/2025.

The Clerk of Court is respectfully directed to mail a copy of this Order to petitioner.

SO ORDERED.

/s/<br>
ORELIA E. MERCHANT<br>
United States District Judge

September 9, 2025
Brooklyn, New York